# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PETER JASON HELFRICH,<br><br>    Petitioner<br><br>v.<br><br>CQV TRUST, et al.,<br><br>    Respondents | Case No.: 2:19-cv-00524-JAD-GWF<br><br>**Order Dismissing Case**<br><br>ECF No. 2 |

    Peter Jason Helfrich has submitted what he styled as a petition for a writ of habeas corpus and emergency motion for return of child.[1] There are at least three fatal problems with this action, each of which independently requires its dismissal:

1. The petition is not on the court-required form, and petitioner has neither paid the filing fee nor submitted an application to proceed in forma pauperis. Accordingly, this matter has not been properly commenced.[2]

2. Petitioner has pled no discernible factual allegations cognizable in federal habeas and no discernible, plausible factual allegations that would state a claim for which federal relief of any kind may be granted. The court's best guess is that petitioner seeks to challenge a child-custody or child-support ruling from the state family court. But petitioner's filing mostly consists of statements like "Whereas it is my understanding

---

[1] ECF Nos. 1-1, 2.

[2] 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2. Although petitioner states on the face of his filing that the filing fees are waived, filers seeking to proceed in forma pauperis must submit the court-required application to obtain pauper status, and petitioner has not done so. His claim that he is exempt from paying a filing fee is based not on court procedures or statutory authority, but rather based on his sovereign-citizen-type belief that it would be illegal for the court to charge him a fee. *See* ECF No. 1-1 at 3.

that it is impossible to distinguish one soul from any other, and therefore all souls must at all times and in all situations be considered equal in all respects in any fair, just and reasonable context. . . ."[3] In short, petitioner's submissions are delusional and frivolous.

3. And finally, petitioner does not appear to be in state custody, so this court lacks jurisdiction over his habeas petition.[4]

**IT IS THEREFORE ORDERED** that the Clerk is directed to DETACH AND FILE THE PETITION (ECF No. 1-1).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** as improperly commenced and frivolous.

**IT IS FURTHER ORDERED** that the emergency motion for return of child **[ECF No. 2] is DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

And because reasonable jurists would not find the court's conclusion to be debatable or wrong, **the court declines to issue a certificate of appealability.**

Dated: April 24, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[3] ECF No. 1-1 at 4.

[4] 28 U.S.C. § 2254(a); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).